IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR372** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **JOSE BANUELOS-VALDEZ,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Third Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing Nos. 31, 32, 33).[1] The government has adopted the PSR. (Filing No. 30.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 36 and 44 of the PSR and related paragraphs. The objections are denied for the reasons set out in the Addendum to the PSR.

The Defendant requests an hour-long evidentiary hearing to present live testimony. The objection to ¶ 36, based initially on U.S.S.G. § 4A1.1, evolves into a discussion of an alleged over representation of criminal history pursuant to U.S.S.G. § 4A1.3. The Defendant seeks a sixty-minute evidentiary on the issue of the alleged over representation of criminal history, which is an issue relating to the Court's authority to depart downward. The Court notes that ¶ 3(b) of the plea agreement provides that the anticipated

---

[1] The initial objections (Filing No. 31) are moot. The objections to the most recent PSR (Filing No. 32) are considered here, along with the accompanying brief, captioned as a "third" set of objections (Filing No. 33).

government's motion for downward departure would be thwarted by a defense motion for departure.

The objection is denied insofar as it is based on § 4A1.1 for the reasons stated by the probation officer in the Addendum to the PSR. As the Addendum states, the offense of illegal reentry is a continuing offense. *United States v. Estrada-Quijas,* 183 F.3d 758, 761 (8th Cir. 1999).[2] The Court considers the portion of the "objection" relating to § 4A1.3 as a motion for downward departure based on over representation of criminal history. If the defense persists in raising this motion at sentencing, the Court will allow an evidentiary hearing within the Court's time limitation. Thirty minutes are scheduled for the entire sentencing hearing. The Court advises counsel that the PSR is likely sufficient for the Court to decide the issue of over representation of criminal history, and the Court is cognizant of the advisory nature of the sentencing guidelines.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing Nos. 32, 33) are denied;

2. The Defendant's Objections to the Presentence Investigation Report (Filing No. 31) are denied as moot;

3. If the Defendant does not withdraw the motion for a downward departure pursuant to U.S.S.G. § 4A1.3 (over representation of criminal history), the issue will be heard at sentencing within the thirty-minute time period allowed for the sentencing hearing;

---

[2]The Court is generally persuaded by Eighth Circuit authority and is in this case unpersuaded by the cited authority from the Ninth Circuit and the District of Rhode Island.

4. The Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

5. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

6. Absent submission of the information required by paragraph 5 of this Order, my tentative findings may become final; and

7. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 30th day of March, 2006.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge

3